Noel Richard BELANGER *v.* Brenda Joyce
Packor BELANGER

82-100                                        637 S.W.2d 557

Supreme Court of Arkansas
Opinion delivered July 12, 1982
[Rehearing denied September 13, 1982.*]

*Hoofman & Bingham, P.A.,* by: *John Biscoe Bingham;*
and *Scott Manatt,* for appellant.

*Burris & Berry,* for appellee.

DARRELL HICKMAN, Justice. The only real issue in this
case is whether the chancellor improperly awarded alimony.
We conclude that he did and reverse the decree of the
chancellor.

Noel Richard Belanger and Brenda Joyce Belanger were
married in New Hampshire in 1968. They lived together
until they separated in 1978; at that time they were living in
North Carolina. An attorney in North Carolina prepared a

---

*DUDLEY, J., not participating.

property settlement agreement and although the written agreement was not produced, there is no doubt that Noel Belanger signed it and that Brenda Belanger complied with it. In the agreement, the Belangers agreed to sell the houses they owned in Florida and North Carolina and split the proceeds, which they did. Each got $10,400 from the Florida property. Mr. Belanger got a 1978 Chevrolet and Mrs. Belanger got a 1966 Buick. They also divided other personal property. They agreed to keep two acres of real property they owned in New Hampshire.

Mr. Belanger moved to Arkansas and filed for divorce in Clay County in 1978. The chancellor awarded a divorce to Mrs. Belanger which was not contested as to grounds. After hearing the testimony of the parties, the chancellor found that the following items constituted marital property pursuant to Arkansas law:

1. $1,600 in a North Carolina savings & loan.
2. A Corvette belonging to Mr. Belanger.
3. A Chevrolet belonging to Mrs. Belanger.
4. A Ford pickup belonging to Mr. Belanger.
5. Five guns belonging to Mr. Belanger.
6. One canoe belonging to Mr. Belanger.
7. 250 shares of stock.

The chancellor ordered that if the parties could not agree to a division of the property it would be sold and the proceeds evenly divided. Then he made an award of $500 per month alimony to Brenda for a period of forty-eight consecutive months. The chancellor said he was making this award because, "I think the alimony award that I will make will even out what interest she might have in that property." "That property" to which the chancellor was referring was an interest Mr. Belanger had acquired in a residence in Pocahontas, Arkansas. Mr. Belanger had entered into a lease-purchase agreement, paid $5,000 down and agreed to pay $5,000 more six months later toward a total purchase price of $68,000. The other piece of property was a residence located in Corning, Arkansas. Legal title to the property was

in the name of Mr. Belanger's parents but the chancellor found Mr. Belanger had equitable title to it since he had made most of the payments.

The alimony award was used as a substitute for awarding Mrs. Belanger an interest in the real estate — and not for any other reason. Since the chancellor found that the real estate was not marital property, a division could not be made through an award of alimony. The chancellor made no findings that would justify the award according to Ark. Stat. Ann. § 34-1214 (Supp. 1981).

Mrs. Belanger's attorney claims that the property settlement agreement was never introduced, there was no pleading or claim that it should be enforced, and, therefore, it cannot control. But that agreement and the subsequent action of the parties were the focus of the dispute, and the court no doubt considered the agreement in making his decision. Mrs. Belanger did not deny its existence; in fact she testified:

Q. Did y'all agree to divide everything between you and take what each party wanted at that point in time?

A. Yes, sir.

Q. Your answer is yes you did reach that agreement?

A. Yes, sir.

And she conceded that the agreement was carried out. The Belangers no doubt entered into an agreement in North Carolina and performed according to the agreement. Mr. Belanger took his part of the proceeds from the sale of their property, investing it in Arkansas, and Mrs. Belanger received her portion of their property. The parties were bound by their acts and neither sought to reject the division of property.

The effect of the chancellor's alimony award is to allow Mrs. Belanger to receive her portion of the property settlement as well as all or a part of Mr. Belanger's share of that settlement.

Consequently, the alimony award was improper and in that regard the decree is reversed and the cause remanded for any other proceedings.

Reversed and remanded.