Yvonne DUCHARME *v.* James L. DUCHARME

93-1016                                                   872 S.W.2d 392

Supreme Court of Arkansas
Opinion delivered March 28, 1994

*Evans, Farrar, Reis, Rowe & Nicolosi*, by: *Bryan J. Reis*, for appellant.

*J. Sky Tapp*, for appellee.

ROBERT L. BROWN, Justice. This case raises the question of whether the State of Arkansas will enforce an agreement called an act of donation which is unknown under Arkansas law but was entered into under the laws of the State of Louisiana. The appellant, Yvonne Ducharme, urges that the act of donation, whereby she gave up her rights in certain real and personal property to her husband, appellee James L. Ducharme, for his life was extracted under duress or coercion. Appellee Ducharme counters that appellant Ducharme negotiated the act of donation without coercion or duress and that as a result of the agreement the couple reconciled. The chancery court refused to void the agreement. We find no error in the court's decision on this and other points raised, and we affirm.

Yvonne Ducharme and James Ducharme were married in Opelousas, Louisiana where they were living in 1979. It was the second marriage for both, and both had adult children by their previous marriages. Before the marriage, they entered into an antenuptial agreement.

In 1987, while still living in Opelousas, the couple separated. Yvonne Ducharme was in ill health, according to her testimony, and had spots on her lung that she feared might be cancerous. She and James Ducharme determined to reconcile, but as part and parcel of the reconciliation Yvonne Ducharme was told by her husband that she would have to give up her right and interest in all of his property. To accomplish such an agreement, or act of donation as it is termed in Louisiana, she met with her husband's attorney, Alex Andrus. At that meeting she refused to relinquish her total interest. After negotiating with Andrus, she did agree to give up her usufruct for her husband's life in certain notes receivable and real property located in Louisiana. Under Louisiana law, the usufruct is a "real right of limited duration on the property of another." La. Civ. Code Ann. art 535 (West 1980). The agreement constituting the act of donation was signed by the couple on October 2, 1987, and they reconciled.

In June of 1991, the Ducharmes moved to Arkansas to Hot Springs Village, and Yvonne Ducharme began selling real estate on a part-time basis. The next year she filed for divorce on September 16, 1992, and as part of the divorce action sought to void both the antenuptial agreement and the act of donation as viola-

tive of this state's public policy due to duress and coercion. Following a hearing, the chancery court issued a letter opinion on April 5, 1993, wherein it (1) declared the Louisiana antenuptial agreement null and void as contrary to Arkansas's public policy; (2) upheld the act of donation; (3) awarded alimony in the sum of $750 per month for a term of five years; (4) declared the Hot Springs Village home and the portable buildings located on the real property described as the Union Street property to be marital property and her interest to be one-half of the sale proceeds; (5) awarded her various marital gifts and her premarital property; (6) and awarded him his premarital property. The chancery court did not increase Yvonne Ducharme's interest based on work performed with regard to the real property. Nor did it grant her an interest in $31,000 in cash held by her husband. By an order on reconsideration Yvonne Ducharme was also awarded a one-half interest in the sale proceeds of a trailer park in Louisiana.

We begin by considering the validity of the act of donation, which Arkansas law does not recognize. The chancery court made no specific finding that the donation agreement executed in 1987 was a Louisiana contract, the legal effectiveness of which would be determined under Louisiana law, but that appears to be obvious. In 1987, the couple had married, and they were living in Opelousas as they had been for eight years. The property specified in Yvonne Ducharme's grant of the usufruct to her husband for life was Louisiana property. The State of Arkansas was not in the picture at that time. Yvonne Ducharme charges, however, that since 1991 the notes receivable under the act of donation have been in Arkansas and are being collected in Arkansas. According to her theory, Arkansas law should determine the agreement's validity.

■■ We do not agree. In resolving choice of law matters for contract disputes, the law of the state with the most significant relationship to the issue at hand should apply. *See Robert A. Leflar, et al., American Conflicts Law* § 149 (4th Ed. 1986); *Standard Leasing Corp.* v. *Schmidt Aviation,* 264 Ark. 851, 576 S.W.2d 181 (1979); *Yarbrough* v. *Prentice Lee Tractor Co.,* 252 Ark. 349, 479 S.W.2d 549 (1972); *see also Snow* v. *Admiral Ins. Co.,* 612 F.Supp. 206 (D.C. Ark. 1985). Because of the history of the Ducharmes' marriage, the place of contracting, and the location of the real property specified in the agreement, we hold that

Louisiana's law applies to determine the legal efficacy of the act of donation.

Because the agreement is valid under Louisiana law, we next address whether it is unenforceable in Arkansas as contrary to this state's public policy. Yvonne Ducharme argues that the chancery court clearly erred in its analysis because in 1987 she had spots on her lungs and no medical insurance. Her only recourse was to reconcile with her husband and avail herself of his insurance, according to her argument, and the act of donation was purely a matter of leverage brought to bear by her husband. In other words, the agreement was coerced, she maintains.

On this point, the chancery court made the following findings in its letter opinion:

. . . .

3. That on the date of donation, the parties had been living separate and apart for some period of time.

4. The act of donation was given in contemplation of resumption of the marriage and in termination of the separation.

5. The terms of the donation were, at least in part, negotiated between the parties in that originally the donation was drafted whereby the wife would give all of her interest in the subject property to the husband. However, after discussions, the wife agreed only to donate a life estate.

6. The wife was not forced or coerced into executing the act of donation.

7. The wife had the option, rather than executing the act of donation, to seek a legal separation or divorce from the husband.

8. The wife had ample time to consider the matter prior to executing the donation, and ample time to consult with independent counsel if she so desired.

9. At the time of the donation, the wife was an experienced businesswoman and real estate broker. She was thoroughly familiar with real estate and business matters.

Therefore, the act of donation is valid and is enforceable.

. . . .

We cannot say that these findings by the chancery court are clearly erroneous or that it erred in its conclusion that the donation agreement is enforceable in this State. Yvonne Ducharme obviously knew what she was abandoning in exchange for reconciliation with her husband and made an informed and calculated decision to do that. No doubt, she gave up her rights in certain property for her husband's life in exchange for medical security, and that security was an incentive for her doing so. But Yvonne Ducharme had other options, as the court pointed out. She could have retained counsel to explore alternatives to the donation agreement or sued for separation or divorce and argued for continued medical coverage as part of those lawsuits. Moreover, there is also the fact that that agreement fostered a reconciliation in the Ducharmes' marriage which clearly was not against public policy. *See Schichtel* v. *Schichtel*, 3 Ark. App. 36, 621 S.W.2d 504 (1981). The Court of Appeals said in *Schichtel*:

> The law encourages the resumption of marital relations. Since the purpose of a reconciliation agreement is to restore marital relations, it harmonizes with public policy and will be upheld.

3 Ark. App. at 38, 621 S.W.2d at 506.

In sum, we agree with the chancery court that the facts in this case do not support an allegation of duress and coercion such as to render the agreement unenforceable in this state.

Appellant Ducharme's remaining three arguments are also without merit. She contends that the chancery court was wrong in not extending alimony until she was eligible for social security rather than just five years.[1] The award of alimony is a matter resting solely in the chancery court's discretion. *Burns* v. *Burns*, 312 Ark. 61, 847 S.W.2d 23 (1993). The alimony award must always depend upon the particular facts of each case. *Dean* v. *Dean*, 222 Ark. 219, 258 S.W.2d 54 (1953). The ability of one

---

[1] At the time of the hearing in 1993, Yvonne Ducharme was age 56.

party to pay and the need of the other party are primary factors to be considered in awarding alimony. *Burns* v. *Burns, supra.*

■ The court found that Yvonne Ducharme had marketable skills. She knew the real estate business as a licensed seller and broker, and she had worked in other capacities including that of secretary and decorating consultant. She, therefore, had the means to support herself. That fact joined with the alimony award and other property given her in the divorce evidence that the chancery court weighed the relevant circumstances. We conclude that the chancery court acted well within its discretion in awarding alimony "for a specified period of time." Ark. Code Ann. § 9-12-312(b) (Repl. 1993).

■ Nor do we concur with Yvonne Ducharme that the work expended by her as carpenter, plumber, electrician, cleaner, and repairer on the rental properties entitled her to a bonus award in certain property. It is unclear as to what exact property the appellant is referring to. Suffice it to say that she presents no persuasive reason for enlarging her one-half interest in the sale proceeds of the property to be sold pursuant to the chancery court's order. The remaining property appears to be subject to the act of donation, according to the chancery court's opinion, and we have affirmed that decision.

■ Lastly, appellant Ducharme maintains that some $31,000 of cash assets are marital property to be divided equally. James Ducharme counters that these assets derived from property subject to the act of donation and that he is entitled to all of it. Again, Yvonne Ducharme cites no authority why this should not be the case and presents no proof as to the source of these funds. We have no basis for declaring that the chancery court abused its discretion on this point.

Affirmed.

CORBIN, J., not participating.