**UNITED STATES FIRE INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**KRESSER MOTOR SERVICE, INC.; Kresser Nationwide Truckload Service, Inc.; Ronald Moss; Defendants,**

**Occidental Fire & Casualty Company of North Carolina; Defendant–Appellant,**

**James C. Wiggins, Jr.; Illinois Insurance Guaranty Fund; Defendants.**

No. 93–2601.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1994.

Decided June 16, 1994.

---

Laurence J. Rabinovich, New York City, argued (Laurence J. Rabinovich of New York City, and Michael E. Aud, Little Rock, AR, on the brief), for appellant.

David M. Donovan, Little Rock, AR, argued (David M. Donovan, Little Rock, AR, and Daniel J. Zollner, Chicago, IL, on the brief), for appellee.

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and HANSEN, Circuit Judge.

HANSEN, Circuit Judge.

In this declaratory judgment action, United States Fire Insurance Company (U.S. Fire) sought a determination of its rights and liabilities under an insurance policy after a vehicle of its insured, Kresser Motor Service, Inc. (Kresser Motor), was involved in an accident. Another insurance company, Occidental Fire & Casualty Company of North Carolina (Occidental), satisfied a judgment for damages against Kresser Motor that arose out of the accident and counterclaimed against U.S. Fire for partial indemnity. The district court[1] ordered summary judgment in favor of U.S. Fire. On appeal, Occidental contends that the district court erred in finding that it is not entitled to indemnification from U.S. Fire. We affirm.

## I.

We review the grant of summary judgment de novo. *Egan v. Wells Fargo Alarm Serv.*, 23 F.3d 1444, 1446 (8th Cir.1994). "Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* *See also* Fed.R.Civ.P. 56(c). The facts are not in dispute.

On August 19, 1988, Ronald Moss, an Arkansas resident, sustained injuries when the vehicle he was driving collided with a tractor-trailer truck in Arkansas. The truck was owned by Kresser Motor, an Illinois corporation, and operated by James C. Wiggins, Jr., an Illinois resident. Moss filed suit against Kresser Motor and Wiggins in Arkansas state court and obtained a default judgment in the amount of $675,000 plus costs.

---

1. The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

Kresser Motor had taken out insurance policies with both Occidental and U.S. Fire before the accident. Occidental's policy, effective on June 25, 1988, provided coverage for specified vehicles, including the truck operated by Wiggins. Two Kresser Motor drivers (neither of whom was Wiggins) initially failed to qualify for coverage and were thus excluded from the Occidental policy. Because Kresser Motor is in the interstate trucking business, Occidental filed a statutorily required Certificate of Insurance form with the Interstate Commerce Commission (ICC) enabling Kresser Motor to obtain operating permits. *See* 49 U.S.C.A. § 10927(a)(1) (West Supp.1993) (requiring carrier to file insurance policy to obtain permit); 49 C.F.R. § 1043.2(b)(2) (prescribing minimum insurance limit of $750,000 for motor carriers engaged in interstate commerce). In this filing, Occidental certified that it had issued liability insurance to Kresser Motor in the amount of $750,000. Occidental also attached an ICC endorsement to its policy, designating Occidental's policy as primary insurance and obligating Occidental to satisfy any liability judgment within the policy limits. The endorsement also provided that the insured agreed to reimburse the company for any payment made pursuant to the endorsement that the company would not have been obligated to make under the provisions of the policy.

When Occidental initially refused to cover the two Kresser Motor drivers, Kresser Motor applied for a separate policy to cover those two drivers and their trucks (neither of which was Wiggins or his truck) through the Illinois Automobile Insurance Plan Service (Plan Service), which assigns risks among a pool of insurers. The Plan Service referred Kresser's application to U.S. Fire, a Plan Service participant, which then insured the two specified drivers and trucks under the Illinois Automobile Insurance Plan (Plan) in a policy deemed effective June 25, 1988. The policy provided coverage in the amount of $350,000 and listed an operating radius of 50 miles from a principal garage in Ottawa, Illinois. U.S. Fire made no ICC filings for these two trucks because the operating radius was confined to in-state Illinois and the policy limit was insufficient to qualify for interstate certification. In July of 1988, U.S. Fire discovered that Kresser Motor was not eligible for any coverage under the Plan because it owned other vehicles that were not insured under the Plan in violation of Plan Section 25. U.S. Fire decided to cancel its policy unless Kresser Motor chose to insure its entire fleet with U.S. Fire. Kresser Motor agreed to cancellation of the policy, and U.S. Fire agreed to keep the policy on the two specified trucks and drivers in effect until August 25, 1988, to allow Kresser Motor an opportunity to obtain coverage elsewhere.

After Occidental had issued its policy, it discovered that Wiggins and nine other drivers were unacceptable risks and deleted them from the Occidental policy on August 11, 1988, eight days before the accident. Kresser Motor attempted to add the ten drivers (including Wiggins) to its U.S. Fire policy. Section 12(B) of the Plan allows the addition of vehicles and drivers to a Plan policy by submitting "a completed approved Policy Change Request form" and a check or money order in the amount of a 30% downpayment on the premium. (Appellant's App. at 189.) Coverage for such a policy addition becomes effective on the date specified by the insured in the Policy Change Request form. (*Id.*) Kresser Motor submitted a Policy Change Request form, seeking to add Wiggins and his truck to the U.S. Fire policy on August 11, 1988. Kresser Motor did not include with the form a check or money order for the downpayment but instead requested to be billed directly. This requested policy change triggered concerns by U.S. Fire that Kresser Motor was attempting to expand the U.S. Fire policy to cover interstate operations. To determine the nature and scope of the policy change request, U.S. Fire requested additional information concerning the identity and location of the trucks listed in the forms. The information was never furnished, and U.S. Fire never issued any endorsement or amendment adding them to its policy.

The accident between Moss and Wiggins occurred August 19, 1988. Although Occidental had deleted Wiggins from its policy prior to the time of the accident, Occidental did not terminate its ICC filings until August 25, 1988. Pursuant to the obligations im-

posed by the ICC filings, Occidental satisfied Moss's judgment.

U.S. Fire brought this declaratory judgment action, seeking a declaration that it is not liable for any damages arising out of the accident because the truck involved was not an insured vehicle under its policy. Occidental filed a counterclaim, contending that U.S. Fire's policy was the primary insurance because of the submission of the Policy Change Request form and seeking partial indemnification in the amount of $350,000, the extent of coverage provided in the U.S. Fire policy. After considering cross-motions for summary judgment, the district court determined that Occidental was not entitled to partial indemnification from U.S. Fire. The court found that Kresser's Policy Change Request form, requesting that Wiggins be added to the U.S. Fire policy, was ineffective to provide coverage because it was not accompanied by a check or money order in the amount of the required downpayment. Granting U.S. Fire's motion for summary judgment, the district court declared that U.S. Fire has no obligations relating to this accident under its policy and that Occidental has no rights to indemnification against U.S. Fire. Occidental appeals.

## II.

■ This is a diversity action arising out of an accident that occurred in Arkansas and seeking a determination of rights under a contract of insurance issued in Illinois to an Illinois corporation. We apply the choice of law rules of the forum state in a diversity case. *See Whirlpool Corp. v. Ritter,* 929 F.2d 1318, 1320 (8th Cir.1991). It is well settled in Arkansas law that the construction and validity of a contract are governed by the law of the place where the contract is made. *See White v. Toney,* 37 Ark.App. 36, 823 S.W.2d 921, 924 (1992). Arkansas choice-of-law rules also apply the law of the state with the most significant relationship to the issue in a contract dispute. *See Ducharme v. Ducharme,* 316 Ark. 482, 872 S.W.2d 392, 394 (1994). In this case, the Arkansas victim has been fully compensated and all that remains is an indemnity dispute between insurance companies from New York and North Carolina, governed by the terms of the Illinois contract. Arkansas does

not have the most significant relationship to this issue. We therefore apply Illinois law, although we conclude that the outcome would be the same under either state's law.

■ Occidental contends that Kresser Motor did all that was required to secure an effective policy change request before the accident. Occidental also contends that U.S. Fire waived its right to dispute coverage by expressly consenting to keep the policy in effect until August 25, 1988, knowing that Kresser Motor was not eligible for coverage under the Plan. To determine whether the policy change request became effective on the date specified in the form, we turn to the terms of the U.S. Fire policy and the Plan.

The U.S. Fire policy provides coverage under the Plan for two specifically described autos (Appellant's App. at 23) and states that Kresser Motor is billed directly for the premiums (*id.* at 15). The policy provides that the insured may make changes in the policy terms "with our consent" and that the terms can be amended or waived only by endorsement issued by U.S. Fire and made a part of the policy. (*Id.* at 28.) The policy does not provide a procedure for subsequently adding another vehicle as a covered auto other than the language of the Plan. Section 12(B) of the Plan provides as follows:

> In the event of an additional vehicle or if additional coverages as described in Section 10 of this Plan are desired during the policy period, a completed approved Policy Change Request form *shall be submitted to the company accompanied by a check or money order* payable to the insurer for an amount equal to 30% of the annual premium or the pro rata premium for the remainder of the policy period, whichever is less.... Coverage will be effective at the date and hour specified in the Policy Change Request form and/or in compliance with the provisions of the policy contract.

(*Id.* at 189 (emphasis added).) The language of the Plan is clear: the "Policy Change Request form *shall* be submitted ... accompanied by" the downpayment and then coverage will be effective on the date specified in the form. (*Id.*) To allow a Policy Change Request form to effectuate coverage on the date specified, regardless of whether the form is properly submitted with a downpayment, would render meaningless the manda-

tory downpayment requirement. When an insurance contract is clear and unambiguous, the words of the policy must be given their plain and ordinary meaning. *Purlee v. Liberty Mut. Fire Ins. Co.*, 197 Ill.Dec. 430, 438, 631 N.E.2d 433, 441 (Ill.App.Ct.1994). The Plan language requires that the form and the downpayment must be submitted together to effect a policy change request on the date specified in the form.

Kresser Motor did not follow the Plan-prescribed procedure to effectuate a policy change, and U.S. Fire never issued any amendment or endorsement adding Wiggins' truck as a covered auto under its policy. In effect, Kresser Motor attempted to unilaterally alter the requirements of the Plan by ignoring the downpayment requirement. A unilateral alteration is not allowed by the terms of the Plan or the policy. Although U.S. Fire consented to keep the policy in effect until August 25, 1988, U.S. Fire did not thereby waive the requirements of the Plan or agree to insure any vehicles other than the two trucks already specifically listed in the policy and for which the premium had been paid. The affidavit of Plan Manager, Richard T. Carson, states that a policyholder is required to comply with the terms of Section 12(B) and that U.S. Fire was not authorized to make a requested policy change without the required downpayment. From the plain language of the Plan and the facts before the district court, we conclude that the district court correctly determined that the U.S. Fire policy did not extend coverage to the Wiggins truck because the Policy Change Request form was ineffective.

■ Occidental also contends that U.S. Fire should be estopped from denying coverage by reason of U.S. Fire's failure to notify Kresser Motor that Kresser's failure to include the premium downpayment with the forms precluded coverage. Occidental states that, because Kresser Motor reasonably relied to its detriment on this "misrepresentation by inaction", coverage should be deemed to have extended to the vehicles that Kresser Motor sought to add to the policy.

Occidental's claim of equitable estoppel was not preserved for appeal because Occidental did not raise the claim before the district court. We decline to entertain such a claim in the absence of any opportunity by the district court to provide its analysis of this theory of recovery. Additionally, Occidental has not shown that a manifest injustice would result from our refusal to address the issue, and after a careful review of the record, we see no manifest injustice in this case. Absent a showing of manifest injustice, we decline to address arguments raised for the first time on appeal. *See Dorothy J. v. Little Rock School Dist.*, 7 F.3d 729, 734 (8th Cir.1993); *Ryder v. Morris*, 752 F.2d 327, 332 (8th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2660, 86 L.Ed.2d 276 (1985).

### III.

We hold that U.S. Fire's policy did not extend coverage to Wiggins or his vehicle because the Policy Change Request form was ineffective under the terms of the Plan, and U.S. Fire did not consent to a policy change. Occidental is therefore not entitled to indemnification from U.S. Fire, and we reject as meritless Occidental's claims that U.S. Fire was the primary insurer. Accordingly, we affirm the district court's grant of summary judgment in favor of U.S. Fire.