Jack C. MITCHELL *v.* Martha MITCHELL

CA 97-936                                    964 S.W.2d 411

Court of Appeals of Arkansas
Division IV
Opinion delivered March 18, 1998

*Burke & Eldridge, P.A.*, by: *Thomas J. Olmstead*, for appellant.

*Mashburn & Taylor*, by: *Michael H. Mashburn*, for appellee.

JOHN E. JENNINGS, Judge. The only issue raised on appeal in this divorce case is whether the award of alimony was excessive. We hold that it was and modify the award.

Appellant Jack Mitchell and the appellee, Martha Mitchell, married in 1972. A daughter was born in 1989. By October 1996, Mr. Mitchell had become romantically involved with another woman and moved from the parties' home. Mrs. Mitchell sued for divorce.

The parties entered into a property settlement agreement, dividing their property equally. After a hearing the court granted Mrs. Mitchell the divorce, approved the property settlement agreement, awarded $897.00 per month as child support, and awarded $3,000.00 per month as alimony.

■ ■ An award of alimony is not mandatory, but is solely within the trial court's discretion. *Mearns v. Mearns,* 58 Ark. App. 42, 946 S.W.2d 188 (1997). If alimony is awarded, it should be set at an amount that is reasonable under the circumstances. *Mulling v. Mulling,* 323 Ark. 88, 912 S.W.2d 934 (1996). The amount of alimony awarded lies within the sound discretion of the chancellor. *See Ducharme v. Ducharme,* 316 Ark. 482, 872 S.W.2d 392 (1994). It follows that in setting the amount of alimony, the chancellor may consider a range of acceptable alternatives.

■ The purpose of alimony is to rectify, insofar as is reasonably possible, the frequent economic imbalance in the earning power and standard of living of the divorced husband and wife. *Drummond v. Drummond,* 267 Ark. 449, 590 S.W.2d 658 (1979). The primary factors to be considered are the need of one spouse and the ability of the other spouse to pay. *Bolan v. Bolan,* 32 Ark. App. 65, 796 S.W.2d 358 (1990). Many factors are considered in setting the amount of alimony. *Boyles v. Boyles,* 268 Ark. 120, 594 S.W.2d 17 (1980). Ordinarily, fault or marital misconduct is not a factor in an award of alimony. *Russell v. Russell,* 275 Ark. 193, 628 S.W.2d 315 (1982). The chancellor's award of alimony will not be reversed absent an abuse of discretion. *Burns v. Burns,* 312 Ark. 61, 847 S.W.2d 23 (1993).

In the case at bar, the parties had been married for twenty-four years and both are in good health. The parties equally divided almost $400,000.00 in total assets.

Mr. Mitchell has a master's degree in hospital administration and works as a hospital administrator. His gross income at the time of trial was approximately $129,000.00 per year with a net take-home pay of $83,000.00. Mrs. Mitchell has a master's degree in food and nutrition and has worked as a hospital dietician. Since the birth of the parties' daughter, Mrs. Mitchell has stayed at home and earned approximately $1,300.00 per year. At the time of the divorce she was not employed.

During the pendency of the divorce, Mrs. Mitchell received $3,000.00 per month as support for herself and her daughter. At trial she submitted a list of expenses totaling $3,700.00 per month. This included anticipated future expenses which the chancellor

declined to consider, leaving a total of $2,800.00 as the monthly expenses for Mrs. Mitchell and the child.

Neither this court nor the supreme court has ever attempted to reduce the amount of alimony to a mathematical formula. Presumably, it has been thought that the need for flexibility outweighs the corresponding need for relative certainty.

After considering all the appropriate factors, we conclude that the amount of alimony awarded was excessive. Under these circumstances, and on de novo review, we may set the amount of alimony. *See Russell v. Russell*, 275 Ark. 193, 628 S.W.2d 315 (1982); *Dingledine v. Dingledine*, 258 Ark. 204, 523 S.W.2d 189 (1975). In the case at bar we find that alimony should be set at $2,100.00 per month.

Affirmed as modified.

PITTMAN and STROUD, JJ., agree.