George HOLAWAY *v.* Margaret HOLAWAY

CA 99-1099 16 S.W.3d 302

Court of Appeals of Arkansas
Division II
Opinion delivered May 17, 2000

*Gruber Law Firm,* by: *Wayne A. Gruber,* for appellant.

*Hilburn, Calhoon, Harper, Pruniski & Calhoun, Ltd.,* by: *Sam Hilburn* and *Traci LaCerra,* for appellee.

JOHN B. ROBBINS, Chief Judge. Appellant George Holaway appeals the Pulaski County Chancery Court divorce decree that ordered him to pay lifetime alimony to his ex-wife, appellee Margaret Holaway, in lieu of a division of his non-vested military retirement and without regard to whether she remarried after their divorce. He argues that the chancellor abused his discretion in making this finding. We agree, and reverse and remand this portion of the decree.

Appellee filed for divorce after seventeen years of marriage, but prior to appellant's eligibility for military retirement. At the time of the divorce proceedings, appellant was a lieutenant colonel and pilot in the Arkansas Air National Guard, and appellee was a school nurse. Appellant will not be vested with his military retirement until he has twenty years of service, which would occur on January 28, 2001, however, there is no guarantee that appellant will remain in military employ until that date. Appellee was awarded a divorce from appellant, was granted custody of the two minor

children along with commensurate support, and was awarded one-half of the marital assets.

The relevant portions of the decree for purposes of appeal are sections eighteen and nineteen, which state as follows:

18. The Court finds that the Defendant [appellant] will remain in the military through twenty (20) years. The parties have been married not quite eighteen years total or thereabout, so it would be very easy to divide one-half (1/2) of eighteen/twentieths or eighteen/twenty-firsts or whatever number of years that the Defendant remains in the military. However, the law in Arkansas is very clear; and it is not a present vested retirement interest subject to division by this Court. Based upon the case of *Christopher v. Christopher*, 316 Ark. 215, which is a 1994 case, and *Burns v. Burns*, 312 Ark. 61, a 1993 case, it is very clear the Supreme Court is not going to change the law regarding vested military pension. Therefore, the Court cannot award Plaintiff any interest in Defendant's military retirement.

19. The Court finds that the parties have been married for seventeen-plus years, fourteen of which the Plaintiff did not work. The Plaintiff does have job skills and she does have present employment. The Defendant has job skills and is presently employed, and at a minimum, will continue to be employed in his present occupation for at least another two to three years and possibly longer. The Plaintiff makes roughly twenty thousand dollars a year. The Defendant makes approximately eighty-plus thousand dollars a year plus other benefits. Both parties have good job skills and both parties will be able to continue to earn and support themselves to some extent, although the Plaintiff will not earn nearly as much money as the Defendant, at least in his present job. The Defendant will have much greater likelihood of further acquisition of capital assets and income based upon his present earnings. The Plaintiff will not earn, even if she goes to work in a hospital as a floor nurse, increased earnings appreciably in the foreseeable future.

The Plaintiff will lose her military benefits upon divorce. She has not been married twenty years during which twenty years of active service [sic], and it is the Court's understanding that she will lose her benefits upon this divorce. During the course of the marriage, the Defendant earned considerably more money than the Plaintiff, but she employed her skills as mother and homemaker and had a direct bearing upon the parties being able to acquire the savings that they have acquired and the home with the equity

which they have acquired. Based upon the factors that the Court would consider in awarding alimony, the Plaintiff is entitled to the sum of $1,000.00 per month in alimony.

Furthermore, part of the ruling for the alimony and in the manner which the Court has awarded it is strictly due to the lack of the Court's ability to divide the military retirement pay. The Court finds it completely inequitable that the parties can be married 18, 19-1/2, 19 years and 360 days and get divorced and the Plaintiff could walk away with absolutely nothing as a result of her contribution to the marriage and Defendant's contribution to his military retirement pay. The Court was going to award alimony no matter what the Court ordered regarding the military retirement. Additionally, when the Defendant retires, he will draw approximately $2,000.00 a month or $2,500.00 a month. In keeping the alimony the same as it is, Plaintiff will draw roughly what she would have drawn and she would have drawn that for the rest of her life. However, if she remarries, she gets nothing. Therefore, alimony shall only terminate upon the death of either party and alimony shall not terminate upon the remarriage of the Plaintiff. The Court shall retain jurisdiction of the alimony issue.

 The award of alimony is discretionary, and any such award will not be reversed absent an abuse of discretion. *Barker v. Barker*, 66 Ark. App. 187, 992 S.W.2d 136 (1999). If alimony is to be awarded, then it should be set at an amount that is reasonable under the circumstances. *Id.* The purpose of alimony is to rectify, insofar as is reasonably possible, the frequent economic imbalance in the earning power and standard of living of the divorced parties in light of the particular facts of each case. *Id.* The primary factors to be considered in awarding alimony are the need of one spouse and the other spouse's ability to pay. *Mulling v. Mulling*, 323 Ark. 88, 912 S.W.2d 934 (1996). Certain secondary factors may be considered in setting alimony including (1) the financial circumstances of both parties, (2) the amount and nature of the income, and (3) the extent and nature of the resources and assets of each of the parties. *Boyles v. Boyles*, 268 Ark. 120, 594 S.W.2d 17 (1980).

 If a divorcing spouse has achieved an entitlement to military retirement pay, that entitlement is an asset which may be divided between the parties to the divorce. *Christopher v. Christopher*, 316 Ark. 215, 871 S.W.2d 398 (1994). If, however, the divorcing military spouse has not served for a time sufficient to have earned the right to receive military retirement pay, the right has not

"vested" and there is no asset to be divided upon divorce. *Id.*; *Burns v. Burns*, 312 Ark. 61, 847 S.W.2d 23 (1993); *Durham v. Durham*, 289 Ark. 3, 708 S.W.2d 618 (1986). The right to military retirement pay is not an asset that exists to divide until it so vests. *Christopher, supra.*

Here, the chancellor granted this amount of alimony specifically because he could not by law divide the non-vested military retirement that appellant will likely realize in the future. He stated as much in the decree, and his words were not ambiguous, as was the case in *Womack v. Womack*, 307 Ark. 269, 818 S.W.2d 958 (1991). The chancellor's ruling was an attempt to circumvent established Arkansas law as pronounced in opinions of our supreme court. In an analogous situation, the supreme court in *Belanger v. Belanger*, 276 Ark. 522, 637 S.W.2d 557 (1982), reversed and remanded an award of alimony to a wife because the alimony was used as a substitute for awarding the wife an interest in real estate that was not marital property. This rendered the alimony award improper and resulted in the reversal.

■ While the chancellor was not clearly erroneous in ordering alimony, considering the disparate levels of the parties' earning abilities and sources of income, the chancellor articulated that the reason for setting alimony at $1,000 per month was due to his inability by law to divide unvested military retirement benefits that the chancellor assumed will vest in appellant after the divorce. We remand for reconsideration of the alimony issue in a manner consistent with acknowledged Arkansas law and direct that any alimony awarded be based upon the current economic circumstances of the parties without regard to contingent retirement benefits that appellant may receive in the future.

Because this issue is likely to arise again upon remand, we address appellant's arguments concerning the duration of the alimony awarded, *i.e.*, that the alimony award would "only terminate upon the death of either party and alimony shall not terminate upon the remarriage of the [appellee]." Arkansas Code Annotated section 9-12-312 (Repl. 1998) states in relevant part that when a decree is entered that orders the payment of alimony, unless otherwise ordered by the court or agreed to by the parties, the liability for alimony shall automatically cease upon remarriage of the person who was awarded the alimony. In the case before us, the

chancellor ordered otherwise, which is not prohibited by statute. However, the chancellor did so for the stated purpose of substituting alimony for an interest in appellant's unvested military retirement, and for the reasons stated above this is improper.

As to the matter of the decree ordering that alimony would terminate only upon the death of either party, this appears to violate statutory and case authority in Arkansas that, in the absence of a settlement agreement to the contrary, an award of alimony is always subject to modification, upon application of either party. Ark. Code Ann. § 9-12-314 (Repl. 1998); *Bracken v. Bracken*, 302 Ark. 103, 787 S.W.2d 678 (1990). While the subject decree did state that the "Court shall retain jurisdiction of the alimony issue," it is inconsistent to state that alimony shall not terminate until death and yet retain jurisdiction. Furthermore, this lifetime award of alimony was clearly made for the prohibited purpose of substituting alimony for an interest in appellant's military retirement and is improper for that reason as well.

We reverse and remand with instructions that the trial court determine an equitable amount of alimony in accordance with Arkansas law as discussed herein.

STROUD and NEAL, JJ., agree.