

Cite as 2013 Ark. App. 535

# ARKANSAS COURT OF APPEALS

DIVISION I

No. CV-12-645

| | | |
|---|---|---|
| | | Opinion Delivered September 25, 2013 |
| GREG SPEARS, M.D. | APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. DR-09-1074] |
| V. | | |
| | | HONORABLE BARBARA HALSEY, JUDGE |
| WENDY SPEARS | APPELLEE | AFFIRMED AS MODIFIED |

**LARRY D. VAUGHT, Judge**

Appellant, Dr. Greg Spears, appeals from an order of the Craighead County Circuit Court establishing his income for child-support purposes; assigning him full responsibility for a student-loan debt; and awarding appellee, Wendy Spears, $4000 per month alimony.[1] We modify the amount of monthly alimony to $2500 but otherwise affirm the circuit court's rulings.

Dr. and Mrs. Spears were married on September 12, 1992. They had two children, born in 1994 and 1999. Dr. Spears attended medical school during much of the marriage, and Mrs. Spears was primarily a stay-at-home parent. In 2007–08, Dr. Spears obtained his medical license and began earning substantial income.

---

[1]We previously dismissed Dr. Spears's appeal for lack of a final order and ordered rebriefing. *Spears v. Spears*, 2013 Ark. App. 164; *Spears v. Spears*, 2012 Ark. App. 181. Dr. Spears has now obtained a final order and corrected the briefing deficiencies.



In December 2009, Mrs. Spears filed for divorce. The parties stipulated to joint custody of the children, with Mrs. Spears having primary physical custody. Awaiting trial, Dr. Spears paid temporary support to Mrs. Spears and the children of $5000 per month, plus rent, utilities, medical expenses, and car payments, along with the children's tuition and lunches. According to Dr. Spears, this amounted to approximately $9000 to $9400 per month.

Following a December 2010 hearing, the Craighead County Circuit Court granted Mrs. Spears a divorce; divided the couple's property; ordered Dr. Spears to pay child support of $7059.98 per month and alimony of $4000 per month; and assigned full responsibility to Dr. Spears for his medical-school loan debt of $233,000. Dr. Spears appeals and argues that the circuit court 1) miscalculated his income; 2) awarded excessive alimony; and 3) erred in assigning him 100% of the student-loan debt.

I. *Income For Child-Support Purposes*

It is the ultimate task of the circuit court to determine the expendable income of the child-support payor. *Parker v. Parker*, 97 Ark. App. 298, 248 S.W.3d 523 (2007). As a rule, when the amount of child support is at issue, we will not reverse in the absence of an abuse of discretion. *Id.*, 248 S.W.3d 523. A circuit court abuses its discretion when it acts thoughtlessly and without due consideration. *Harral v. McGaha*, 2013 Ark. App. 320, ___ S.W.3d ___.

In the present case, the circuit court calculated Dr. Spears's annual net income as $407,257. To arrive at this amount, the court averaged Dr. Spears's earnings from 2008, 2009, and 2010. With regard to the 2008 and 2009 calculations, which are at issue on appeal, the court looked to the tax returns filed by Dr. Spears and his Subchapter S corporation, GWCE,

for the year 2009.[2]

The 2009 return for GWCE reported gross income to the corporation of $467,777. When reduced by various expenses, including the $115,856 in salaries and officer compensation that GWCE paid to Dr. Spears in 2009,[3] the corporation showed a profit of $267,784. That profit passed through to Dr. Spears on his 2009 personal tax return and was combined with a salary-and-wage figure of $119,007, which Dr. Spears reported on line 7 of his personal return. The sum of the GWCE profit and the line 7 salary-and-wage amount, less an irrelevant deduction, yielded a gross yearly income to Dr. Spears of $354,912. The court then added back various deductions that had been taken on the GWCE return, including the $115,856 in salaries and officer compensation. The result (after considering taxes) was that Dr. Spears's yearly take-home pay for 2009 was determined to be $457,771. When averaged with Dr. Spears's 2010 earnings, his income for child-support purposes was calculated as $407,257 per year, or $33,937 per month. In accordance with the Family Support Chart, *see* Ark. Sup. Ct. Admin. Order No. 10, the circuit court ordered Dr. Spears to pay child support of $7059.98 per month.

Dr. Spears contends that the circuit court overstated his 2008 and 2009 earnings. As he correctly points out, the effect of the court's calculations was to charge him with both of the salary amounts that appeared on the 2009 returns—the $119,007 salary-and-wage figure

---

[2]The court found that Dr. Spears's income was the same for 2008 and 2009. The court's 2009 calculations therefore apply to 2008.

[3]A small portion of the salary paid by GWCE went to Mrs. Spears. However, she testified at trial that she did not perform any work for GWCE. The circuit court thus attributed the entire amount of GWCE compensation to Dr. Spears.

reported on his personal return and the $115,856 in salary and officer compensation reported on the GWCE return. He contends that the court erred in this regard because the $119,007 figure on his personal return included the $115,856 paid to him by GWCE. We disagree.

The evidence at trial showed that, between 2008 and mid-2010, Dr. Spears worked for at least two entities in the city of Jonesboro: St. Bernard's Medical Center and the Arkansas Health Education Center (AHEC). Part of Dr. Spears's income—from St. Bernard's, for instance—was deposited into GWCE, then paid to him as salary. However, Dr. Spears's income from other employers, such as AHEC, did not necessarily pass through GWCE. The amount of direct payments from AHEC or other employers was not conclusively established at trial. But, from the modicum of evidence that was put forth, it appears that Dr. Spears's earnings from AHEC amounted to over $40,000 per year at some point. Other proof indicated that, in the month of February 2010, Dr. Spears earned $10,000 over and above his income from GWCE. A strong inference can therefore be drawn that Dr. Spears generally earned a considerable amount over and above the salary paid to him by GWCE—certainly more than the $3,151 differential in what was paid to him by GWCE in 2009 ($115,856) and the salary reported on his personal return in 2009 ($119,007). The circuit court therefore reasonably concluded that the $119,007 in salary shown on Dr. Spears's 2009 personal return probably came from payors other than GWCE. Consequently, we cannot say that the court abused its discretion in counting both salary amounts toward Dr. Spears's income.

## II. *Alimony*

Mrs. Spears was a stay-at-home parent during most of the marriage. She had one year of college education and no special job training. At the time of trial, she was approximately

SLIP OPINION

forty years old and had no health problems. Her children were older and in school, and one of them was driving. She expressed an interest in returning to college but had no concrete plans about furthering her education.

At trial, Mrs. Spears asked that she receive sufficient total support from Dr. Spears to cover her monthly expenses. Her affidavit of financial means showed monthly expenses of $9455, including $1500 per month for food; $400 per month for clothes; $150 per month for laundry and cleaning; $400 per month for her potential college expense; $200 per month for school supplies; $450 a month for barber and hair care; $250 per month for vacation expenses; $250 per month for cosmetics and toiletries; $500 per month for religious contributions; $320 for the children's counseling; and $150 per month for gifts. Dr. Spears claimed that, while Mrs. Spears was entitled to some alimony, the expenses set forth on her affidavit were excessive.

The circuit court found that Mrs. Spears's anticipated college expenses of $400 per month should not be paid by Dr. Spears and that the children's counseling costs of $320 per month should be covered by insurance. The court then awarded Mrs. Spears $4000 per month in alimony. When combined with the child-support award of $7059.98, Mrs. Spears received $11,059.98 to cover the living expenses of herself and the children.

On appeal, Dr. Spears challenges the amount and duration of the alimony. A circuit court's decision regarding alimony is a matter that lies within the court's sound discretion and will not be reversed absent an abuse of that discretion. *Mitchell v. Mitchell*, 61 Ark. App. 88, 964 S.W.2d 411 (1998). The purpose of alimony is to rectify the economic imbalance in the earning power and standard of living of the divorcing parties, in light of the particular facts

of each case. *Wadley v. Wadley*, 2012 Ark. App. 208, 395 S.W.3d 411. The primary factors to consider are the financial need of one spouse and the other spouse's ability to pay. *Id.*, 395 S.W.3d 411. Other factors include the financial circumstances of both parties; the couple's past standard of living; the value of jointly owned property; the amount and nature of the income, both current and anticipated, of both parties; the extent and nature of the resources and assets of each party; the amount of each party's spendable income; the earning ability and capacity of both parties; the disposition of the homestead or jointly owned property; the condition of health and medical needs of the parties; and the duration of the marriage. *Evtimov v. Milanova*, 2009 Ark. App. 208, 300 S.W.3d 110. If alimony is awarded, it should be set in an amount that is reasonable under the circumstances. *Mitchell*, 61 Ark. App. 88, 964 S.W.2d 411.

The circuit court in this case did not abuse its discretion in awarding alimony to Mrs. Spears. However, we modify the amount awarded to $2500 per month. *See Dingledine v. Dingledine*, 258 Ark. 204, 523 S.W.2d 189 (1975); *Mitchell*, 61 Ark. App. 88, 964 S.W.2d 411 (modifying a circuit court's alimony award). We note at the outset that the circuit court found that $720 of Mrs. Spears's monthly living expenses, as shown on her affidavit, should be disallowed ($400 in college expenses, $320 in children's counseling). Additionally, we agree with Dr. Spears that many of the expenses listed on Mrs. Spears's affidavit, particularly those related to grooming and personal-care, appear excessive for a stay-at-home parent and two schoolchildren. Further, even if Mrs. Spears's questionable expenses were given credence, she would receive, under the circuit court's support awards, approximately $1600 per month more than is needed to meet her monthly costs of living. *Compare Vigneault v. Vigneault*, 2010

SLIP OPINION

Ark. App. 716, at 5 n.2, 379 S.W.3d 566 at 569 n.2 (affirming an alimony award that "modestly" exceeded the recipient's expenses); *Matthews v. Matthews*, 2009 Ark. App. 400, 322 S.W.3d 15 (affirming an alimony award that exceeded the recipient's expenses where she was scheduled to incur additional medical, transportation, and other costs). For these reasons, we hold that the amount of alimony awarded by the circuit court was not reasonable under the circumstances, and we modify it accordingly.

With regard to Dr. Spears's argument that the alimony should be of limited duration, we need not reach that issue. The circuit court ruled that it would consider modifications of alimony based on changed circumstances. An appellant does not suffer prejudice regarding a permanent alimony award where appropriate material change in circumstances may lead to a decrease or termination of alimony by the trial court. *Wadley*, 2012 Ark. App. 208, 395 S.W.3d 411.

### III. *Student-Loan Debt*

At the time of trial, the balance on Dr. Spears's student loan was $233,000. The court did not assign Mrs. Spears any responsibility for the debt. Dr. Spears argues that, because Mrs. Spears benefited from the loan during the marriage, she should repay part of it.

There is no presumption that an equal division of debts must occur. *Stout v. Stout*, 2011 Ark. App. 201, 378 S.W.3d 844 (overruled in part on unrelated grounds, *Tiner v. Tiner* 2012 Ark. App. 483, ___ S.W.3d ___). As such, it is not error to determine that debts should be allocated to the parties based on their relative abilities to pay. *Stout*, 2011 Ark. App. 201, 378 S.W.3d 844. Here, the court properly assessed the parties' relative abilities to pay and concluded that Dr. Spears had sufficient income to pay the debts, while Mrs. Spears did not.

Dr. Spears claims that the parties paid household expenses with the loan proceeds

during the marriage. It does not follow, however, that the circuit court was bound to assign part of the student-loan debt to Mrs. Spears. *Compare Easley v. Easley*, 2010 Ark. App. 73 (unpublished) (affirming where the trial court divided student-loan debt between the parties because a ledger of expenses showed that only a small percentage of the loan proceeds went to the student's education). The key is that the division of debt must be equitable. *See Burns v. Burns*, 2012 Ark. App. 522. Here, given the parties' disparity in income and the fact that Dr. Spears will retain the personal benefit of his education, we cannot say that the circuit court clearly erred in dividing the parties' debt. *Id.* (applying the clearly erroneous standard).

Affirmed as modified.

PITTMAN and WALMSLEY, JJ., agree.

*Scott Emerson, P.A.*, by: *Scott Emerson*, for appellant.

*Goodwin Moore, PLLC*, by: *Harry Truman Moore*; and
*B. Neal Burns, PLLC*, by: *Neal Burns*, for appellee.