JAMES MICKLE *v.* LOIS MICKLE

5-5856                                                479 S.W. 2d 563

Opinion delivered May 1, 1972

*Pearce, Robinson & McCord,* for appellant.

*Jones, Gilbreath & Jones,* for appellee.

CONLEY BYRD, Justice. From a divorce decree awarding appellee Lois Mickle alimony, child custody and support and certain property rights, appellant James Mickle brings this appeal. For reversal he contends:

1.   The alimony and child support awards were excessive;

2.   The court erred in awarding appellee an automobile in addition to one third of the personal property;

3.   An excessive valuation was placed on appellant's

interest in Data Testing Inc.; and

4. An excessive value was placed on appellant's engineering practice.

POINT I. Appellant's earnings from engineering were as follows:

| Year | Professional income from practice of Engineering | Total adjusted income per Federal Income Tax |
|------|---------------------------------------------------|----------------------------------------------|
| 1965 | $20,628.89 | $23,219.26 |
| 1966 | 28,589.19 | 17,487.33 |
| 1967 | 25,139.06 | 9,505.13 |
| 1968 | 29,379.38 | 2,432.09 |
| 1969[1] | 6,410.26 | 10,232.62 |

Based upon this evidence the trial court awarded alimony to appellee of $700 per month and $150 per month child support for one child. The rule of law is that in fixing the amount of alimony to be awarded, wide discretion rests with the trial court and unless there appears a clear abuse of discretion it will not be disturbed on appeal, *Lewis* v. *Lewis,* 202 Ark. 740, 151 S.W. 2d 998 (1941). While the amount allowed here is certainly liberal, a majority of the court is unable to say on the record here made that the trial court abused its discretion. The difference between appellant's professional income and total adjusted income for tax purposes arose through claimed losses from some "Sub-chapter S" corporations.

POINT II. In addition to an award to appellee of one half of all property held jointly and one third of all appellant's personal property, the trial court awarded appellee a new car. This was error. The statute, Ark. Stat. Ann. § 34-1214 (Repl. 1962), authorizes an award of one third of the husband's personal property to the wife—nothing more. We cannot agree with appellee that under the circumstances the award should be classified as child support.

[1] A partnership split temporarily affected income for this year.

470

POINT III. Data Testing, Inc., is a corporation wholly owned by appellant and apparently necessary to his engineering practice. At any rate the parties and the trial court treated it as a separate asset for purposes of fixing the amount of appellee's property rights therein. Appellee's accountant fixed the book value at $10,000 but in doing so admitted that he did not determine whether the assets shown on the books existed. Appellant, on the other hand, testified that $4,500 of the $10,000 book value was for certain trucks that were sold before appellant obtained complete ownership of Data Testing to Cletus Collum for $4,000, with the understanding that the purchase price would be paid from profits. At the time of the trial appellant considered the balance thereof, together with another account receivable in the amount of $1,200, to be uncollectible. Under this state of the record we find that the value should be $4,300 instead of the $10,000 placed thereon by the trial court.

POINT IV. The trial court, in fixing the value of appellant's engineering business, took the value offered by appellee's accountant Bob Daugherty in the amount of $65,058.28 and added thereto appellant's accountant's estimate of the value of "work in progress" in the amount of $11,992.47 for the total valuation of $77,050.75. This was error.

Daugherty in his testimony testified that the net worth of Mickle Associates in his opinion was $65,058.28 plus whatever value is allocated to the unearned fees or contracts that had been accepted in the amount of $20,391.21 and on which no work had been performed and also the value of some unaccepted jobs in the amount of $58,-079.00. Daugherty admits that the difference between his values and those of appellant's accounts arises as a result of the "accounts receivable". According to all of the accountants the amount of the receivables billed as of June 30, 1970, amounted to $23,994.89. To this amount, Daugherty added $10,421.19 for some accounts billed on July 10, 1970, and also items totalling $24,630.72 which he calculated as the value of the "work in progress". Admittedly Daugherty got the most of his information

about percentage of completion of unbilled jobs from a clerk in appellant's office.

Appellant's accountant John Gardner, after going over the same records and after conferences with appellant, arrived at a $11,992.47 valuation of the "work in progress."

When the chancellor added Gardner's $11,992.47 valuation for "work in progress" to Daugherty's $65,058.28 valuation, error was committed by charging appellant twice for the "work in progress". In correcting this doubling up on valuation of "work in progress", we are confronted with two different amounts from different witnesses, both of whom were accepted as credible witnesses by the trial court. However, when we view their testimony from the source from which it was obtained and the fact that Daugherty made no estimate of necessary costs of completion of the jobs, we believe that Gardner's valuation nore accurately reflects value of the "work in progress". Admittedly the value of the accepted contracts in the amount of $20,391.21 and the value of the unaccepted contracts in the amount of $58,079.00 are too speculative to have any value. However, it appears that Daugherty properly allowed the $10,421.19 billed on July 10, 1970, as accounts receivable.

Thus when we disallow Daugherty's "work in progress" valuation of $24,630.72 from his total evaluation of $65,058.28 and add thereto Gardner's $11,992.47 valuation of "work in progress", we find the total value of Mickle Associates to be $52,420.03.

While this case was docketed in this court, the trial court made certain modifications of the original decree having to do with the income tax liability of appellee on certain shares of stock in Fairfield Bay, Inc. The record here is insufficient for us to reach this issue. This ruling is without prejudice to any other relief to which the appellee may be entitled to seek.

Reversed and remanded.