Carol Ann LAYMAN *v.* William Joseph LAYMAN

86-269                                          731 S.W.2d 771

Supreme Court of Arkansas
Opinion delivered June 29, 1987

*Hall, Wright, Morris & Tharel, P.A.*, for appellant.

*Stanley, Harrington & Watson, P.A.*, by: *Jeff H. Watson*, for appellee.

STEELE HAYS, Justice. The issues presented by this appeal of a divorce suit are 1) whether stock in a family corporation was a gift to the husband, 2) whether the increased value of that stock became marital property and 3) whether an alimony allowance was adequate. We affirm on points 1 and 3 and reverse on point 2.

Carol and Joe Layman divorced after thirty-one years of marriage. Mrs. Layman was a housewife and the mother of three children. Mr. Layman has worked entirely for Layman's, Incorporated, a hardware and furniture business founded some forty years ago by his parents, though not incorporated until 1978. Joe Layman and his brother manage Layman's.

Joe Layman receives a salary of $91,000 per year and a bonus of $91,000. He has acquired common and nonvoting preferred shares of stock in Layman's, Incorporated, from his parents in annual amounts since the company was incorporated in 1978. An accountant estimated the stockholders' equity of the company to be $1,141,806, compared to $707,950 in 1980. The growth of the company has been due in part to the management skills of Joe Layman and his brother.

When Joe and Carol married she was employed at the telephone company, having left college after one semester. She testified that after the children finished elementary school she told Joe she wanted to go back to school. Joe did not want her to work, however, so she remained a housewife until about three years ago when, at Joe's request, she started working one day a week at Layman's. Since the separation she works three days a week at Bible Believers Cassettes, earning $4.50 per hour.

The parties agreed on a partial distribution of assets and the chancellor divided disputed items. He held that $106,000 of a debt due Layman's was marital property, but ordered Mr. Layman to pay Mrs. Layman $53,000 as alimony, ordered Mr. Layman to pay Mrs. Layman $30,000 for her interest in certain real estate, gave possession of the home to Mr. Layman with Mr. Layman to assume mortgage payments and certain miscellaneous debts. The chancellor rejected Mrs. Layman's claim that stock in Layman's was marital property. Mr. Layman was ordered to pay monthly alimony to Mrs. Layman of $1,075.00 for five years.

## I

■ Mrs. Layman contends the chancellor erred in refusing to find that shares of common stock in Layman's, Incorporated, in the name of Joe Layman were marital property, finding instead that the stock was a gift to Mr. Layman from his parents. Mrs. Layman concedes the shares of nonvoting, preferred stock are separate property under Ark. Stat. Ann. § 34-1214(B)(1) (Supp. 1985), because gift tax returns were filed with the IRS in connection with the transfer of preferred stock. However, no gift tax returns were filed as to the shares of common stock and on that basis she urges it was wrong to exclude the common stock from the marital estate. But the absence of a gift tax return, while some evidence of the intent, is not conclusive of the issue. It was not seriously disputed that the elder Laymans wanted to transfer the ownership of Layman's to their two sons and all the stock transferred to Joe Layman was issued in his name alone. An accountant testified that no gift tax returns were filed because the transfers were not from one family member to another, but directly from the corporation. We find no proof from which it might be inferred the stock was acquired by Joe Layman other

than as a gift from his parents. The chancellor's finding that the stock in Layman's, Incorporated, was derived by gift was not clearly erroneous. ARCP 52. *Lyons* v. *Lyons*, 13 Ark. App. 63, 679 S.W.2d 811 (1984).

## II

Mrs. Layman contends the stock in Layman's, even if acquired by gift, has appreciated during the marriage because of the time, effort and skill of Joe Layman, and as those are assets of the marital estate she is entitled to share in the fruits of those endeavors. We sustain the argument.

In *Potter* v. *Potter*, 280 Ark. 38, 655 S.W.2d 382 (1983), we pointed out that under our statutory scheme,[1] *all* property acquired by either spouse subsequent to the marriage is presumed to be marital property except for five specific exceptions: a) property acquired by gift, bequest, devise or descent; b) property acquired in exchange for other nonmarital property; c) property acquired after a decree of divorce from bed and board; d) property excluded by agreement; and e) the increase in value of property acquired prior to the marriage.

We have never decided whether the increase in value of nonmarital property acquired by one spouse subsequent to the marriage is marital property, but it is at least arguable that § 34-1214 includes increases in value of property acquired subsequent to the marriage by pointedly excluding from the marital property umbrella *only* increases in value of property acquired *prior* to the marriage. The specific exclusion of property acquired before the marriage carries an implication that property acquired after the marriage is covered. However, the courts which have considered similar statutory schemes have almost uniformly rejected such an interpretation, holding that an increase in value of property acquired by one spouse not attributable in any manner to any combination of funds, property, or effort by either spouse constitutes separate property if the property otherwise qualifies as nonmarital property. See cases cited at 24 ALR IV 451. *Hull* v. *Hull*, 591 S.W.2d 376 (Mo. App. 1979); *In re Marriage of Kommick*, 84 Ill. 2d 89, 417 N.E.2d 1305 (1981).

---

[1] Ark. Stat. Ann. § 34-1214 (Supp. 1985).

■    The distinguishing factor here, of course, lies in the fact that the increases in value of the nonmarital property, the stock in Layman's is attributable in part to the time, effort and skill of Joe Layman over an extended period of time. Those endeavors belonging to the marital estate [*Day* v. *Day*, 281 Ark. 261, 663 S.W.2d 719 (1984)], it follows that Mrs. Layman is entitled to share in the fruits of such efforts. There is sound authority for this view. In *Jensen* v. *Jensen*, 629 S.W.2d 222 (C.A. Tex. 1982), it was held that the enhanced value of stock owned by the husband in a closely held corporation was marital property, even though acquired prior to the marriage, where the increased value was due primarily to the time, toil and effort of the husband. *In re Marriage of Wildin*, 39 Colo. App. 189, 563 P.2d 384 (1977), the appellate court reversed the trial court's finding that a stock portfolio belonging to the wife was not enhanced by the time and talent of the husband so as to render the increase in value marital property. To the same effect see *Cockrill* v. *Cockrill*, 601 P.2d 1334 (C.A. Tex. 1938). *In re Marriage of Fleet*, 701 P.2d 1245 (C.A. Col. 1985). In the second Potter case [*Potter* v. *Potter*, 288 Ark. 133, 703 S.W.2d 442 (1986)], without deciding the question, we noted that an increase in the value of nonmarital property was a matter of statutory interpretation which might vary with the fact situation. And see *The Arkansas Marital Property Statute and The Arkansas Appellate Courts: Tiptoeing Together Through the Tulips*, Vol. 7, UALR L. J. No. 1, at p. 36. We conclude that when one spouse makes significant contributions of time, effort and skill which are directly attributable to the increase in value of nonmarital property, as in this case, the presumption arises that such increase belongs to the marital estate.

On remand the chancellor should determine the present fair market value of the stock in Layman's, Incorporated, reduced by the fair market value of the stock at the time of acquisition. The difference should be treated as marital property. That does not, of course, mandate that such amount be divided equally, but it is not to be deemed the separate estate of Mr. Layman for purposes of an equitable division of assets.

## III

The chancellor allowed alimony in the amount of $1,075 per month to terminate at the end of five years, no doubt to promote rehabilitation. Mrs. Layman is aged 50, with neither training nor education, and she urges on appeal the award is inadequate in light of the relative earning potential of the parties. However, our decision with respect to the increase in Layman's stock improves the division of property to some extent and we are not persuaded the chancellor's discretion in the allowance of alimony has been abused. *Mickle* v. *Mickle*, 252 Ark. 468, 479 S.W.2d 563 (1972). We leave the award undisturbed.

Affirmed in part, reversed in part and remanded.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I disagree with the majority's holding that the common stock shares in Layman's, Inc. are not marital property. The shares were acquired during the marriage and were not acquired by gift, exchange or inheritance. See Ark. Stat. Ann. § 34-1214 (Supp. 1985) and *Potter* v. *Potter*, 280 Ark. 38, 655 S.W.2d 382 (1983).