Tony HORTON *v.* Roy Gene HORTON

CA 04-1365

211 S.W.3d 35

Court of Appeals of Arkansas
Opinion delivered June 22, 2005

*Batchelor & Batchelor*, by: *Fines F. Batchelor, Jr.*, for appellant.

*Eddie N. Christian*, for appellee.

JOHN MAUZY PITTMAN, Chief Judge. Appellant and appellee were divorced on August 31, 2004, after thirty-one years of marriage. The only issues at the divorce hearing were alimony and property division. The trial court awarded appellant $300 per month alimony and, in the course of the property division, declared that the couple's home was marital property, despite it having been deeded to appellant in 1982. Appellant now argues that: 1) the amount of alimony was too low; 2) the trial court failed to divide the parties' property equally or state reasons for making an unequal division; 3) the trial court erred in declaring the parties' home to be marital property. We reverse and remand on the basis of appellant's third argument.

The evidence surrounding the ownership of the parties' home was as follows. Appellee deeded the home to appellant in 1982. According to appellant, she filed for divorce around that time when she discovered that appellee had a child with another woman. She said that her attorney advised her to have the home deeded to her, and she further said that appellee told her that the house was a gift to make sure that she would not be "out on the street" with two children. The deed was filed on October 15,

1982, the same day that it was signed by appellee. The record as abstracted contains no evidence regarding the circumstances of the parties' reconciliation after the deed was executed or any evidence as to the manner in which the house was maintained or paid for thereafter. Appellee testified only that he had agreed to deed the house to appellant and that he would not dispute that the house had remained in appellant's name since the deed was executed. He agreed with his attorney's statement that "there may be some problems with regard to the house because you've deeded that house to her."

The trial court ruled that the parties' home was marital property. Appellant, citing *Smith v. Smith*, 6 Ark. App. 252, 640 S.W.2d 458 (1982), contends that, based on the foregoing evidence, the house remained her separate property after it was deeded to her in 1982. We agree.

In *Smith*, the parties separated, and the husband filed for divorce. Later, they reconciled on the condition that the husband convey his interest in the marital home to the wife, which he did. The parties separated again about five months later, and the wife filed for divorce. The husband then asked the court to set aside the deed. The trial court refused, and this court affirmed, ruling that there was no evidence of an agreement that the property would belong to the wife only if the reconciliation was successful, and there was no evidence of any agreement that the husband would regain an interest in the property. Likewise, in the present case, there is no evidence that appellant would retain the property only under certain circumstances or that appellee would regain an interest in the property.

Moreover, we observe that there are other cases even closer factually to the case at bar because they involve a gift of the marital home from one spouse to another. In *Cole v. Cole*, 53 Ark. App. 140, 920 S.W.2d 32 (1996), the husband, a truck driver, had a drinking problem and had been charged with DWI. The wife, fearing that he would cause an accident and that they would "lose everything," asked him to put the house in her name. He did so but later, during their divorce proceeding, said that he merely "went along" with his wife and did not realize that he was signing away his rights in the house. The supreme court observed that the deed was filed of record in the same month that it was signed; that, although the husband continued to live in the house after the conveyance, the wife paid the mortgage, taxes, and insurance from an account that was determined to be her separate property; and

that there was no evidence that the wife ever said that she would deed the property back to the husband. While *Cole* contains a factor that is missing in the case at bar — evidence as to who paid the household expenses following the conveyance — it does point up the significance of the immediate recording of the deed and the lack of an agreement that the property would be deeded back to the donor spouse.

In *Lyons v. Lyons*, 13 Ark. App. 63, 679 S.W.2d 811 (1984), the husband was living in California and the wife was living in Arkansas. Following telephone and letter communications, the husband agreed to deed their marital residence to the wife. Upon the parties' divorce, he asked that the deed be set aside. He testified that he made the conveyance to "get some peace and quiet" from his wife's demands. This court ruled that:

> The chancellor found that [husband] voluntarily executed the deed, and although the court did not specifically find that there was a gift intended, it would have been justified in so doing. There was ample evidence from which the chancellor could have found that there was an actual delivery of the subject matter of the gift with a clear intent to make an immediate, unconditional and final gift accompanied by an intent to release all future dominion and control. A gift acquired by either spouse subsequent to the marriage is excluded from the definition of martial property by the provisions of Ark. Stat. Ann. § 34-1214(B)(1) (Supp. 1983) [now Ark. Code Ann. § 9-12-315(b)(1) (Repl. 2002)].

*Id.* at 66, 679 S.W.2d at 813–14 (case citations omitted).

Finally, in *Dennis v. Younts*, 251 Ark. 350, 472 S.W.2d 711 (1971), the husband and wife separated in the spring of 1962, when the husband began living with another woman. On July 19, 1962, the husband deeded the marital home to his wife because he "felt sorry" for her. The pair resumed cohabitation in 1964 and lived on the property until the wife's death in 1967. Thereafter, her children by a former marriage claimed the property by virtue of the 1962 deed. The husband asserted that the deed was part of a property settlement prior to divorce and that it should be canceled because a reconciliation occurred and the parties resumed their marital relationship. The chancellor upheld the deed, and the supreme court affirmed. The court noted that the record contained no evidence that the deed was executed as part of a property settlement agreement in contemplation of divorce, and there was

no evidence that the wife agreed to do anything as an inducement or consideration for the transfer. Rather, the evidence showed that the husband deeded the house because, in the words of the trial court, he "moved in with another woman and got to feeling bad about his wife." In short, the supreme court said, the husband made a gift of the property to his wife.

In the case before us, there is no evidence that the parties entered into a property settlement agreement or reconciliation agreement. There is also no evidence that appellant agreed to do anything as an inducement or consideration for the transfer. The only proof regarding the parties' intentions is that appellee made a gift to appellant so that appellant and her children would have a place to live after appellee became involved with another woman. The law presumes a gift when the donor registers legal title in a family member's name. *See Perrin v. Perrin,* 9 Ark. App. 170, 656 S.W.2d 245 (1983). Further, the deed was immediately recorded, and there was no discussion of appellant's deeding the property back to appellee. Finally, appellee, in his own testimony, seemed resigned to the conclusion that he was not entitled to the property. He testified that he was basically asking the court to award him his business, his business assets, and his pension, and to make a division of debt; he understood that there might be some "problems" with the house because he had deeded it to appellant. Given these circumstances, we believe that the trial court clearly erred in declaring the home to be marital property rather than appellant's separate property.

Appellee relies on the case of *Ward v. Ward,* 249 Ark. 1001, 463 S.W.2d 90 (1971), but that case is distinguishable from the case at bar. In *Ward,* the parties were divorced in 1965 and, by virtue of their property settlement agreement, the wife quitclaimed the home to the husband. Thereafter, the decree was set aside and the parties resumed the marriage. The deed was not recorded by the husband until 1969, after the wife learned that he had a young girlfriend. In the ensuing divorce action, the trial court ruled that the home was marital property. The supreme court affirmed, holding that the "only inference from the parties' conduct is that they intended to abrogate the property settlement at the time they caused the divorce decree to be set aside." *Id.* at 1004, 463 S.W.2d at 92. Unlike the situation here, *Ward* involved a deed that was part of a property settlement and divorce decree that were later set aside. Further, the grantee in *Ward* waited four years to record his

deed and did so only when it looked as though another divorce proceeding was forthcoming. These factors are strong indicators that the parties in *Ward* did not intend for the deed to remain viable after the 1965 divorce decree was set aside. No such factors are present in this case.

 Based on the foregoing, we reverse the trial court's finding that the home was marital property. Because our reversal will very likely affect the overall property division as well as the alimony award — alimony and property division being complementary devices that a trial judge employs to make the dissolution of a marriage as equitable as possible, *see Cole, supra* — we reverse and remand the case in its entirety for reconsideration in light of our holding herein.

Reversed and remanded.

CRABTREE, J., agrees.

BAKER, J., concurs.

KAREN R. BAKER, Judge, concurring. I concur in the majority's decision to reverse and remand this case. However, I write to address the trial court's rather troubling decision to deny appellant's request to restore her former name because she chose to seek alimony. The court's response to appellant's request, as set forth in the divorce decree, was as follows:

> The Court finds it is somewhat ironic that [appellant] requested that her name be changed to the name she bore before this marriage, while on the other hand requesting that [appellee] be ordered to pay her alimony. Based upon this Court's grant of alimony to [appellant] and [appellant's] request for alimony, the [appellant's] request for name change is denied. That if the respective attorneys can reach an agreement in this matter, then the Court would be inclined to enter an Order approving the name change, however, if the attorneys cannot agree, then that request is denied by the Court.

Appellant does not appeal this portion of the divorce decree, so I find no fault with the majority for not addressing it. However, I believe that the trial court's mistaken apprehension that appellant may not have her former name restored because she chose to seek alimony should not pass without comment.

Nowhere in our case law or statutory law do I find any link between the restoration of a party's name and an award (or lack of an award) of alimony. The purpose of alimony, as our courts have

stated many times, is to rectify, insofar as is reasonably possible, the frequent economic imbalance in the earning power and standard of living of the divorced parties in light of the particular facts of each case. *See Powell v. Powell*, 82 Ark. App. 17, 110 S.W.3d 290 (2003); *Holaway v. Holaway*, 70 Ark. App. 240, 16 S.W.3d 302 (2000). Pursuant to that purpose, the trial court ruled that appellant, who has been totally disabled since 1992, should receive alimony. Yet, as the result of seeking that to which she was legally entitled, appellant was denied her reasonable request for a name change. These two matters — alimony and restoration of a former name — are separate and distinct issues with separate and distinct inquiries; a ruling on one has no bearing on the other.

Furthermore, our name-change statutes, Ark. Code Ann. §§ 9-2-101 and 102 (Repl. 2002), place no condition on a name change other than that "good reasons" be shown. In fact, our name-change statutes are merely supplementary to the common law, *see Stamps v. Rawlins*, 297 Ark. 370, 761 S.W.2d 933 (1988), which provides that an adult has the right to change his or her name absent fraud, misrepresentation, or interference with the rights of others. *See generally* 57 AM. JUR. 2D *Name* §§ 2, 16 (2d ed. 2001); 65 C.J.S. *Names* § 21 (2000).

Appellant, as an adult acting without a fraudulent purpose, was entitled to have her name changed as she requested, whether or not she sought an award of alimony. I recognize that Ark. Code Ann. § 9-12-318 (Repl. 2002) provides that the trial court "may" restore the wife's former name. However, where fraud or other illegal purpose is absent, I cannot conceive of a situation where it would not be an abuse of discretion to deny a name-change request in a divorce action. Certainly, a wife should not be forced to effectively "purchase" her former name by foregoing the alimony to which she may be legally entitled, nor should her name be used as a bargaining chip in negotiations of monetary matters, as the decree suggests.