

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-14-668

| | | |
|---|---|---|
| | | **Opinion Delivered** MARCH 4, 2015 |
| OWEN KELLY | | APPEAL FROM THE WASHINGTON |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. DR-13-2217] |
| V. | | |
| | | HONORABLE JOANNA TAYLOR, |
| | | JUDGE |
| MANDY KELLY | | |
| | APPELLEE | DISMISSED WITHOUT PREJUDICE |

## DAVID M. GLOVER, Judge

Owen Kelly and Mandy Kelly were married on April 24, 1994, and divorced by decree entered on March 24, 2014, in the Washington County Circuit Court. Two children were born of the marriage, KGK, born in November 1999, and HK, born in October 2002. In the decree, Mandy was awarded custody of the children, and the trial court determined that she needed $16,659 per month for her expenses. The decree directed Owen, beginning on April 1, 2014, to monthly pay $7,528 in child support and $9,131 in alimony. The decree further directed: (i) when KGK attained majority, child support would be reduced to the monthly sum of $5,366, and alimony would be automatically increased to the monthly sum of $11,293, and (ii) when HK attained majority, child support would cease, and alimony would be automatically increased to the monthly sum of $16,659. Owen argues on appeal that the trial court abused its discretion in ordering the alimony to automatically increase when there was

SLIP OPINION

no showing of any future increased needs to justify the automatic increases. For the reasons discussed below, however, we dismiss the appeal because there is not a final, appealable order.

In the decree, the trial court also ordered that the marital home would remain on the market until July 15, 2014; that if the home sold during that period, the parties would divide the net proceeds evenly; however, if the home had not sold by July 15, 2014, the house would be sold on the Pope County Courthouse steps,[1] with the net proceeds to be divided equally between the parties.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken from a final judgment or decree entered by the trial court. When the order appealed from is not final, we are without jurisdiction to decide the merits. *Carroll v. Carroll*, 2013 Ark. App. 286. As a general rule, a conditional judgment, order, or decree, the finality of which depends on certain contingencies that may or may not occur, is not a final order for purposes of appeal. *Wadley v. Wadley*, 2010 Ark. App. 733, at 3. An order announcing the court's determination of the rights of the parties but contemplating further judicial action is not appealable. *Shafer v. Estate of Shafer*, 2010 Ark. App. 476, at 1. Here, the decree contemplated further action—the marital home would be listed for sale, where it might or might not be sold, depending on whether the parties agreed on the selling price (there was testimony from Owen, who was responsible for the mortgage payments on the marital home, that there had been offers on the residence that were acceptable to him but had not been

---

[1]The marital home was located in Russellville.

acceptable to Mandy), or if it had not been sold by July 15, 2014, the home would be sold on the steps of the courthouse. This decree is not a final order and, absent a Rule 54(b) certificate, which we do not have in this case, we have no jurisdiction to decide the merits. We therefore dismiss the appeal without prejudice. We express no opinion on the underlying merits of this appeal.

Appeal dismissed without prejudice.

VIRDEN and GRUBER, JJ., agree.

*Everett, Wales & Comstock*, by: *John C. Everett*; and *Smith, Cohen & Horan, PLC*, by: *Matthew T. Horan*, for appellant.

*Clark Law Firm PLLC*, by: *Suzanne G. Clark*, for appellee.