2016 Ark. 72

**Owen KELLY, Appellant**

v.

**Mandy KELLY, Appellee.**

No. CV–15–231

Supreme Court of Arkansas.

Opinion Delivered February 25, 2016

Everett, Wales & Comstock, by: John C. Everett, Fayetteville; and Smith, Cohen & Horan, PLC, Fort Smith, by: Matthew T. Horan, for appellant.

Clark Law Firm, PLLC, Fayetteville, by: Suzanne G. Clark, for appellee.

HOWARD W. BRILL, Chief Justice

₁Appellant Owen Kelly appeals an order of the Washington County Circuit Court awarding alimony in two automatic escalations to appellee Mandy Kelly. For reversal, Owen argues that the circuit court abused its discretion by ordering alimony in this manner. We vacate the opinion of the court of appeals and remand the appeal for further consideration.

Owen Kelly and Mandy Kelly married in April 1994. The parties have two children, a daughter born in November 1999, and a son born in October 2002. In June 2013, the Kellys separated and divorced by a decree entered on April 24, 2014. The circuit court awarded Mandy primary cus-

tody of the children and ordered Owen to pay $7,528 a month in child support beginning April 1, 2014. The circuit court ruled that Mandy's monthly expenses totaled $16,659. The circuit court then subtracted the $7,528 award in child support from $16,659 and ordered Owen to pay $9,131 in alimony to begin April 1, 2014. The circuit court further stated as follows:

> [I]f [Owen's] child support obligation is subsequently reduced to $5,366.00 per month when he is no longer obligated to pay child support for [the parties' daughter], his alimony obligation to [Mandy] shall increase to $11,293.00 per month, which is calculated as deducting $5,366.00 in child support from the monthly need of $16,659.00. Finally, when [Owen] no longer has a child support obligation for either of the minor children his monthly alimony obligation to [Mandy] shall then be $16,659.00 per month.

Additionally, with regard to the marital home, the circuit court ruled,

> The court was requested to make disposition of the following marital assets and divides the property as follows:
>
> A. The former marital residence ... shall be reduced to tenants in common and continued to be offered for sale under the current listing agreement until July 15, 2014. If the home sells during this listing period, the parties shall each receive one-half of any net proceeds realized after payment of the outstanding mortgages, commissions and closing costs. If the home does not sell by July 15, 2014, then the circuit clerk of Pope County, Arkansas is appointed as Commissioner for purposes of public sale and after proper advertisement, the asset will be sold by auction on the courthouse steps. Likewise, the proceeds realized from said public auction shall be divided equally between the

parties after the costs of the sale and payments of encumbrances.

On May 5, 2014, Owen timely filed his notice of appeal and sought to appeal the circuit court's award of alimony. The court of appeals held that the divorce decree was not final for purposes of appeal because it contemplated further action in regard to the residence and dismissed without prejudice. *See Kelly v. Kelly*, 2015 Ark.App. 147, 2015 WL 1000809. On March 19, 2015, Owen filed both a petition for rehearing in the court of appeals and a petition for review with this court. On July 23, 2015, we granted Owen's petition for review.

We address the threshold issue of whether the circuit court's order was a final, appealable order. We deem it unnecessary to reiterate in this case the reasoning in the companion case bearing on these points, and we adopt and incorporate herein by reference the reasoning set forth in *Davis v. Davis*, 2016 Ark. 64, 2016 WL 675465. Here, the circuit court ordered a sale of the parties' marital home by July 15, 2014, with equal division of the proceeds after payment of the outstanding mortgages, commissions, and closing costs, and included an alternative; contingent disposition of a public sale by auction if the home did not sell by July 15, 2014. The instant decree does not specifically contemplate further judicial action nor does it direct the parties to return to court for final resolution on any issue. Because the court made a final disposition regarding the parties' marital home, we hold that the divorce decree was a final, appealable order.

Notwithstanding our grant of Owen's petition for review, we now decline to consider the present appeal in light of our holding in *Davis*, 2016 Ark. 64, 2016 WL 675465. We therefore remand the appeal to the court of appeals.

Court of appeals opinion vacated; remanded to the court of appeals for reconsideration.

Special Justices Daniel Greenberg and Chad Atwell join.

Danielson and Goodson, JJ., not participating.