Robin F. Wynne, Justice, dissenting. We granted a joint petition for review in this case following our court of appeals’s decision dismissing the appeal for lack of a final order. Moore v. Moore, 2015 Ark. App. 115, 2015 WL 801993. While I fully agree with the majority that the finality issue presented is controlled by our recent decision in Davis v. Davis, 2016 Ark. 64, 487 S.W.3d 803, and that the divorce decree is a final, appealable order, I must dissent for two reasons.- First, in order to be consistent with our decision in Kelly v. Kelly, 2016 Ark. 72, 483 S.W.3d 296, I would decide the finality issue presented in the petition for review, vacate the court of appeals’s opinion, and remand the appeal to the court of appeals for reconsideration. There is absolutely no reason to treat this appeal differently than Kelly. In this case, as in Kelly, the issue needing clarification or development of the law and upon which there was a perceived inconsistency in the decisions of this court and the court of appeals is a threshold issue of finality. The points on appeal regarding the division of property and alimony present no issues that this court must resolve. Second, the majority errs in sua sponte overruling our precedent dating back nearly thirty years. In arguing that the circuit court erred in dividing the growth in the business during the parties’ marriage, David attempts to distinguish the present case from Farrell v. Farrell, 365 Ark. 465, 231 S.W.3d 619 (2006). In Farrell, this court applied an active-appreciation analysis in determining whether a spouse’s efforts significantly | ^contributed to the increase in the value of non-marital assets. Quoting Layman v. Layman, 292 Ark. 539, 543, 731 S.W.2d 771, 774 (1987), we stated that “when one spouse makes significant contributions of time, effort and skill which are directly attributable to the increase in value of nonmarital property, ... the presumption arises that such increase belongs to the marital estate.” Farrell, 365 Ark. at 475-76, 231 S.W.3d at 627. In his brief, David argues that the facts of the present case distinguish it from Farrell: Admittedly, on the wording of the standard, Farrell appears to apply to this case and require affirmance of the trial court’s decision. Distinctions between the two cases exist, however, and those distinctions ought to prevent application of the active appreciation analysis here. An examination of the facts in Farrell as compared to the facts in this case demonstrates the distinctions. [[Image here]] These distinguishing facts remove this case from the exception recognized in Farrell. The trial court failed to take note of any of them within the portion of its decision to order division of the growth of the company. That was error requiring reversal. As demonstrated above, David does not ask this court to overrule the line of cases that includes Layman and Farrell. This court has been resolute in stating that we will not make a party’s argument for that party or raise an issue sua sponte, unless it involves the circuit court’s subject-matter jurisdiction, which we will raise on our own. Sullivan v. State, 2012 Ark. 178, 2012 WL 1436621. We have further made it clear that we will not consider an argument unless it has been properly developed. Id. In the present case, however, the majority breaks from this clear precedent and overrules a line of cases dating back nearly thirty years. Under the doctrine of stare decisis, we are bound to follow prior case law. Chamberlin v. State Farm, Mut. Auto. Ins. Co., 343 Ark. 392, 397, 36 S.W.3d 281, 284 (2001); see also Lewellen v. Sup.Ct. Comm. on Prof'l Conduct, 353 Ark. 641, 647, 110 S.W.3d 263, 266 19(2003). The policy of stare decisis is designed to lend predictability and stability to the law. Id. When this court ignores the doctrine of stare decisis and overrules, long-standing precedent without the benefit of the parties having raised and developed the issue, a great disservice is done to the bench and the bar. Here, the active-appreciation analysis regarding the distribution of non-marital property has governed our case law for nearly thirty years. . While the majority believes that our case, law “conflicts” with Arkansas Code Annotated section 9-12-315(b)(5), I note that .when a statute has been construed,.and that construction has been consistently followed for many years, such construction should not, be changed. Low v. Ins. Co. of N. America, 364 Ark. 427, 220 S.W.3d 670 (2005). As time passes, the interpretation given a statute becomes part of the statute itself. Id. It is well-settled that “[precedent governs until it gives a result so patently wrong, so manifestly unjust, that a break becomes unavoidable.” Aka v. Jefferson Hosp. Ass’n, Inc., 344 Ark. 627, 641, 42 S.W.3d 508, 518 (2001). Our test is whether adherence to the rule would result in “great injury or injustice.” Id. Here, there is no injury or injustice alleged, much less proven, and the majority errs in overruling Layman v. Layman, 292 Ark. 539, 731 S.W.2d 771 (1987), and its progeny. Brill, C.J., joins.